IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Wesley Givens, | ) | Case No. 9:20-cv-03554-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Daniel Harrouff, John Palmer, | ) | |
| Kayala Shervey, Kameron Lave, | ) | |
| Sgt. Lite, Officer Poitevien, Burzinski, | ) | |
| McCuen, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    This matter is before the Court upon Plaintiff's amended complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 20. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On December 3, 2021, Defendants filed a motion for summary judgment. ECF No. 46. The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 48. Despite this explanation, Plaintiff has not filed a response to the motion but has filed several other motions. ECF Nos. 51, 59, 62, 63.

    On July 19, 2022, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment [46] be granted, that Plaintiff's motion to

request separation/permanent restraining order [51] be denied, that Plaintiff's motion for restraining order [[59] be denied, and that this case be dismissed.[1]  ECF No. 67.  In the Report, the Magistrate Judge noted that she liberally construed Plaintiff's motions filed since the entry of the *Roseboro* order as a response in opposition to the motion for summary judgment to the extent Plaintiff argued that summary judgment was improper in those filings.  *Id.* at 1 n.1.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff did not file objections to the Report and the time to do so has lapsed.

      The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo*

---

[1] On the same date that she issued the Report, the Magistrate Judge entered a text order finding as moot Plaintiff's motion for physical and mental exam [62] and motion for discovery [63].  ECF No. 68.

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. Defendants' motion for summary judgment [46] is **GRANTED**, Plaintiff's motion to request separation/permanent restraining order [51] is **DENIED**, Plaintiff's motion for restraining order [59] is **DENIED**, and this case is **DISMISSED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 26, 2022
Spartanburg, South Carolina